UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHERYL M. NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV00904 AGF |
| ) | |
| THE SPECIAL ADMINISTRATIVE ) | |
| BOARD OF THE ST. LOUIS PUBLIC ) | |
| SCHOOLS, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

On May 23, 2011, this Court issued an order advising Plaintiff's counsel, Eric Erfan Vickers, that he must apply for admission to this Court before he could represent Plaintiff in this matter, and ordering Mr. Vickers to provide the Court with Plaintiff Cheryl M. Nelson's proper name and address, in writing, no later than Friday, June 3, 2011. (Doc. No. 8) On June 9, 2011, Mr. Vickers provided the Court with Plaintiff's proper name and address, and advised the Court that he intended to file his application for admission to this Court within ten days. (Doc. No.16) On July 27, 2011, Mr. Vickers was admitted to this Court.

On June 10, 2011, before Mr. Vicker's response was docketed by the Clerk's Office, Defendants moved this Court for an order directing Mr. Vickers to discontinue actions in state court and to show cause why he should not be held in contempt. (Doc. No. 14) In their motion, Defendants notified the Court that, on June 9, 2011, Mr. Vickers

filed a First Amended Petition in the Circuit Court of the City of St. Louis, a copy of which is attached to Defendants' motion. (Doc. Nos. 14, 14-1)

28 U.S.C. § 1446(d) provides that after filing a notice of removal of a civil action to federal court, Defendants shall promptly "give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." Therefore, Plaintiff cannot subvert this Court's jurisdiction by filing a First Amended Complaint in state court and this Court directs Plaintiff to discontinue actions in state court with respect to this case immediately.

Defendants also argue that counsel's actions have caused them to devote unnecessary time and resources to this case, and that counsel has acted in contravention of his obligations to this Court. Defendants therefore request that this Court award them their attorneys' fees and costs, pursuant to 28 U.S.C. § 1927, which provides that "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 "permits sanctions when an attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Clark v. United Parcel Service, Inc.*, 460 F.3d 1004, 1011 (8th Cir. 2006) (internal quotations omitted). "As with sanctions under Rule 11, the district court must provide an attorney with fair notice and an opportunity to be heard before ordering the reimbursement of fees." *Id.* (citing *Fuqua Homes, Inc. v. Beattie*, 388 F.3d 618, 623 (8th Cir. 2004)).

The Court also has the inherent authority to assess attorney fees against a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991). *See also Hutto v. Finney*, 437 U.S. 678, 689 n. 14 (1978); *Greiner v. City of Champlin*, 152 F.3d 787, 798 (8th Cir.1998); *Doe v. Poelker*, 515 F.2d 541, 547 (8th Cir.1975), *rev'd on other grounds*, 432 U.S. 519, (1977). Under the Court's inherent authority, excess costs and attorney fees may also be assessed against an attorney personally. *See Katoch v. Mediq*, No. 4:04CV00938 CAS, 2007 WL 2434052, *7 (E.D. Mo. Aug. 22, 2007). "The power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980) (footnote omitted).

The Court will therefore order Mr. Vickers to show cause why Defendants should not be awarded their attorneys' fees and costs in preparing their present motion and accompanying memorandum, Doc. Nos. 14 and 15.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for an Order Directing Plaintiff's Counsel to Discontinue Actions in State Court and Show Cause Why He Should Not Be Held in Contempt (Doc. No. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's counsel, Eric Vickers, shall immediately discontinue any actions in state court with respect to the present case.

**IT IS FURTHER ORDERED** that Plaintiff's counsel, Eric Vickers, shall show cause, in writing, no later than **Friday, September 2, 2011**, why Defendants should not be awarded their attorneys' fees and costs in preparing their motion for an order showing cause, and accompanying memorandum (Docs. 14, 15).

Failure to comply with any part of this order may result in counsel being held in contempt of this court and subject to sanctions.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 25th day of August, 2011.