UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHERYL M. NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV00904 AGF |
| | ) | |
| THE SPECIAL ADMINISTRATIVE BOARD OF THE ST. LOUIS PUBLIC SCHOOLS, et al., | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

On August 25, 2011, this Court issued an Order (Doc. No. 19) advising Plaintiff's counsel, Eric Erfan Vickers, to immediately discontinue any actions in state court[1] with respect to the present case and to show cause, in writing, no later than Friday, September 2, 2011, why Defendants should not be awarded their attorneys' fees and costs in preparing their motion for an order showing cause, and accompanying memorandum (Doc. Nos. 14,15). With the issuance of the August 25, 2011 Order, the Court advised Plaintiff's counsel that failure to comply with any part of that Order could result in counsel being held in contempt of this Court and subject to sanctions. On September 12, 2011, Plaintiff filed a motion for leave to amend the complaint in this Court (Doc No.

---

[1] Defendants filed their notice of removal on May 19, 2011. On June 9, 2011, Mr. Vickers filed a First Amended Petition in the Circuit Court of the City of St. Louis, (Doc. No. 14-1). There is no indication in the record before the Court that Mr. Vickers has withdrawn the amended petition.

22).   As of this date, Plaintiff has made no response to the Order to Show Cause, neither providing proof that the state court action has been terminated, nor a basis for denying Defendants' request for attorneys' fees and costs.

28 U.S.C. § 1446(d) provides that after filing a notice of removal of a civil action to federal court, Defendants shall promptly "give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."  Plaintiff asserts no defect in the timeliness or content of the notice of removal.  Therefore, Plaintiff cannot subvert this Court's jurisdiction by filing a First Amended Complaint in state court.  The Court directed Plaintiff to discontinue actions in state court with respect to this case immediately, but Plaintiff has not notified the Court of her compliance with this order.

Defendants also argue that counsel's actions have caused them to devote unnecessary time and resources to this case, and that counsel has acted in contravention of his obligations to this Court.  Defendants therefore request that this Court award them their attorneys' fees and costs, pursuant to 28 U.S.C. § 1927, which provides that "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Section 1927 "permits sanctions when an attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Clark v. United Parcel Service, Inc.*, 460 F.3d 1004, 1011 (8th Cir. 2006) (internal quotations omitted).  "As with

sanctions under Rule 11, the district court must provide an attorney with fair notice and an opportunity to be heard before ordering the reimbursement of fees." *Id.* (citing *Fuqua Homes, Inc. v. Beattie*, 388 F.3d 618, 623 (8th Cir. 2004)).

The Court also has the inherent authority to assess attorney fees against a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991). *See also Hutto v. Finney*, 437 U.S. 678, 689 n. 14 (1978); *Greiner v. City of Champlin*, 152 F.3d 787, 798 (8th Cir.1998); *Doe v. Poelker*, 515 F.2d 541, 547 (8th Cir.1975), *rev'd on other grounds*, 432 U.S. 519, (1977). Under the Court's inherent authority, excess costs and attorney fees may also be assessed against an attorney personally. *See Katoch v. Mediq*, No. 4:04CV00938 CAS, 2007 WL 2434052, *7 (E.D. Mo. Aug. 22, 2007). "The power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980) (footnote omitted).

Although the Court believes that sanctions are appropriate here, in light of the early stage of the case, and the issues related to counsel's admission to this Court, the Court shall award only a nominal amount.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's counsel, Eric Vickers, shall be assessed $200 for Defendants' attorneys' fees and costs expended in preparing their Motion for an Order Directing Plaintiff's Counsel to Discontinue Actions in State Court

and Show Cause Why He Should Not Be Held in Contempt (Doc. No. 14).  The $200 amount shall be paid within 30 days of the date of this Order.

 

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of  September, 2011.