UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHERYL M. NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV00904 AGF |
| | ) | |
| THE SPECIAL ADMINISTRATIVE BOARD OF THE ST. LOUIS PUBLIC SCHOOLS, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Cheryl Jones brought this action against Defendants Kelvin Adams, Rick Sullivan, and the Special Administrative Board of the St. Louis Public Schools, charging race discrimination, retaliation, and various constitutional and statutory violations arising out of her employment with the Special Administrative Board of the St. Louis Public Schools. Defendants moved to dismiss five of the seven counts in Plaintiff's Second Amended Complaint. The Court dismissed four of the seven counts for failure to state a claim upon which relief may be granted. Following a period of discovery Defendants moved for summary judgment on the remaining claims and the Court granted summary judgment with respect to those claims. Now before the Court is Defendants' motion for attorney's fees pursuant to Local Rule 8.02, 42. U.S.C. §§ 1988(b), 2000-5(k), and 28 U.S.C § 1927.

1

**APPLICABLE LAW**

A district court may award a prevailing defendant attorney's fees under Title VII and § 1988 only upon a finding that the plaintiff's claim was this "'frivolous, unreasonable, or groundless'" even though not brought in subjective bad faith. *See Meriwether v. Caraustar Packaging Co.*, 326 F.3d 990, 994 (8th Cir. 2003) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)); *see also E.E.O.C. v. Trans States Airlines, Inc.*, 462 F.3d 987, 996 (8th Cir. 2006); *Bennett v. Nucor Corp.*, No. 3:04CV00291 SWW, 2012 WL 3962459, at *7 (E.D. Ark. Sept. 10, 2012).

In addition, a district court may order the payment of attorney's fees pursuant to 28 U.S.C. § 1927 when an attorney's conduct "multiplies the proceedings unreasonably and vexatiously, and, when '"viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court."' *Trans States Airlines*, 462 F.3d at 996 (quoting *Tenkku v. Normandy Bank*, 348 F.3d 737, 743 (8th Cir. 2003)). However, "[b]ecause section 1927 is penal in nature, it should be strictly construed so that it does not 'dampen the legitimate zeal of an attorney in representing his client.'" *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999).

**DISCUSSION**

Defendants assert that they are entitled to recover their attorney's fees as the prevailing party under Title VII and § 1988 because Plaintiff knew that her action was frivolous and without foundation at the time she filed it. Specifically, Defendants assert that Plaintiff knew she could not establish a prima facie case for race discrimination because she knew that no similarly situated employee outside of her protected class had

been paid more than she. Defendants point to deposition testimony regarding Patrice Crotty, one of the employees Plaintiff alleged as "similarly situated." Defendants contend that deposition testimony indicates that Plaintiff was aware that Crotty had worked in a similar position for five years before Plaintiff was hired and therefore that Plaintiff and Crotty were not similarly situated because Crotty had more relevant work experience than Plaintiff did.

Defendants offer a similar argument with respect to Plaintiff's race discrimination and retaliation claims, asserting that Plaintiff knew that she could not demonstrate adverse retaliatory action. Specifically, they assert that Plaintiff must have known this because her salary did not change after her complaints about her supervisor's conduct. In addition, Defendants assert that Plaintiff had to be aware that there was no connection between her complaints and her salary because the pay disparity between Plaintiff and Crotty extended back to 1999, well before the time period covered by Plaintiff's complaint.

While Plaintiff' claims were weak and proved to be unsupported, upon review of the record and the applicable law, the Court cannot say that Plaintiff's claims were or became frivolous during the course of the litigation. The deposition testimony does not indicate that Plaintiff knew Crotty's salary or that she knew whether other employees received salary increases in October, 2008, or September, 2011. Plaintiff had a colorable argument in support of her claims, and the fact that discovery in the case ultimately led to a conclusion that she would be unable to prove her prima facie case does not automatically render her claims frivolous or arbitrary. *Trans States Airlines,* 462 F.3d at 996 (holding that because employment discrimination claims are ultimately determined to be without

merit does not render them frivolous); *Bennett v. Nucor Corp.*, No. 3:04CV00291 SWW, 2012 WL 3962459, at *7 (E.D. Ark. Sept. 10, 2012) (holding that "[a]lthough [p]laintiffs did not prevail on the majority of claims they pursued, the Court cannot say that [p]laintiffs' unsuccessful claims were baseless, frivolous, or pursued in bad faith"). This is not a case where Plaintiff's deposition testimony contradicts large swathes of her complaint or is wholly inconsistent with her EEOC charge. *See Meriwether*, 326 F.3d at 994. Therefore, in the Court's judgment it is not a case warranting an award of attorney's fees to Defendants. *See id.*

With respect to the request for fees under 28 U.S.C. § 1927, the Court notes that earlier in this action it awarded Defendants sanctions in the form of attorney's fees on the grounds that Plaintiffs' counsel continued to pursue this action in state court after Defendants successfully removed it to this Court. (Doc. No. 19.) Apart from that particular instance, the Court cannot say that the conduct of Plaintiff's attorney when "'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1010 (8th Cir. 2006) (internal quotation omitted). Although the Court agrees with Defendants that Plaintiff's attorney appeared at times to change course with respect to his theory of the case, the Court cannot say that his actions unreasonably multiplied the proceedings in this case. *See Lee v. First Lenders Ins. Services, Inc.*, 236 F.3d 443, 445 (8th Cir. 2001); *see also Bernstein v. Extendicare Health Services, Inc.*, 653 F. Supp. 2d 949, 953-54 (D. Minn. 2009) (denying an award of attorney's fees under § 1927 and noting that the statute is strictly construed because it is penal in nature).

4

Accordingly,

**IT IS HEREBY ORDERED** that Defendants= motion for attorney's fees is **DENIED**. (Doc. No. 113.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of September, 2013.